**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

KATHERINE PATTON,              §
                              §
      Plaintiff,               §
                              §
v.                             §
                              §
LENOVO (UNITED STATES), INC,   §
As administrator of            §
LENOVO (UNITED STATES), Inc.   §
SHORT TERM DISABILITY PLAN     §    CIVIL ACTION NO.    3:26-cv-00075
                              §
And                            §
                              §
LIFE INSURANCE COMPANY         §
OF NORTH AMERICA               §
                              §
      Defendant.               §

## PLAINTIFF'S THIRD AMENDED COMPLAINT

## PRELIMINARY STATEMENT

1.     Plaintiff Katherine Patton, hereinafter referred to as "Plaintiff," brings this ERISA action against the Defendants Lenovo (United States), Inc. Short Term Disability Plan, in its capacity as Administrator of the Lenovo Short Term Disability Plan and Life Insurance Company of North America, hereinafter referred to as "Defendants". Plaintiff brings this action to secure all short term disability benefits to which Plaintiff is entitled under a disability insurance policy underwritten and administered by Defendants. Plaintiff is covered under the policy by virtue of her employment with Lenovo (United States), Inc.

## PARTIES

2.     Plaintiff is a citizen and resident of Garland, Texas.

3.    Defendants are properly organized business entities doing business in the State of Texas.

4.    The disability plan at issue in the case at bar was funded and administered by Defendants.

5.    Lenovo (United States), Inc. Short Term Disability Plan is a business entity doing business in the Northern District of Texas.  Defendant may be served with process by serving its registered agent, CT Corporation 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6.    Life Insurance Company of North America Plan is a business entity doing business in the Northern District of Texas.  Defendant may be served with process by serving its registered agent, CT Corporation 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

7.    This court has jurisdiction to hear this claim pursuant to pursuant to 29 U.S.C. § 1132(a), (e), (f), and (g) of the Employee Retirement Security Act of 1974, 29 U.S.C. § 1101, et seq. ("ERISA") and 28 U.S.C. § 1331, as this action involves a federal question.  Specifically, Plaintiff brings this action to enforce her rights under section 502(a)(1)(B) of the Employee Retirement Income Security Act, (ERISA), which provides "[a] civil action may be brought . . . (1) by a participant or by a beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

8.    Venue in the Northern District of Texas is proper by virtue of Defendants

3

doing business in the Northern District of Texas.    Under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found."  29 U.S.C. § 1132(e)(2).  Therefore, venue may also be proper under the third prong of ERISA's venue provision, specifically "where a defendant resides or may be found." (*Id*.)  "District courts within the Fifth Circuit have adopted the reasoning outlined by the Ninth Circuit in *Varsic v. United States District Court for the Central District of California*, 607 F.2d 245 (9th Cir. 1979*). See Sanders v. State Street Bank and Trust Company*, 813 F. Supp. 529, 533 (S.D. Tex. 1993).  The Ninth Circuit, in *Varsic*, concluded that whether a defendant "resides or may be found" in a jurisdiction, for ERISA venue purposes, is coextensive with whether a court possesses personal jurisdiction over the defendant.  *Varsic*, 607 F.2d at 248."  See *Frost v. ReliOn, Inc*., 2007 U.S. Dist. LEXIS 17646, 5-6 (N.D. Tex. Mar. 2, 2007).  Under ERISA's nationwide service of process provision, a district court may exercise personal jurisdiction over the defendant if it determines that the defendant has sufficient ties to the United States.  See *Bellaire General Hospital v. Blue Cross Blue Shield of Michigan,* 97 F.3d 822, 825-26 (5th Cir. 1996), citing *Busch v. Buchman, Buchman & O'Brien, Law Firm,* 11 F.3d 1255, 1258 (5th Cir. 1994).  Here, Defendants are "found" within the Northern District of Texas, as they do business here, and the court has personal jurisdiction over Defendants, as it has sufficient ties to the United States.

## CONTRACTUAL AND FIDUCIARY RELATIONSHIP

9.      At all relevant times, Plaintiff has been a participant within the meaning of Section 3(7) of ERISA, 29 U.S.C. § 1002(7), in the Short-Term Disability Plan Policy No.

4

SHD-962353.

10.    Plaintiff obtained the disability policy at issue by virtue of Plaintiff's employment with Lenovo (United States), Inc., with coverage beginning on February 1, 2014.

11.    Said policy became effective February 1, 2014.

12.    At all relevant times, Defendants were the claims administrator of the disability policy within the meaning of Section 3(16)(A) of ERISA, 29 U.S.C. § 1002(16)(A).

13.    At all relevant times, Defendants have been a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

14.    Defendants have a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

15.    Finally, under its fiduciary duty, Defendants are required to take active steps to reduce bias ensure and ensure claims are conducted in a manner that is consistent with the interests of the claimant's.

16.    Disability benefits under the Plan have been insured in accordance and pursuant to Policy No. SHD-962353.

17.    Under the terms of the policy, Defendants administered the Plan and retained the sole authority to grant or deny benefits to applicants.

18.    Because of the conflict of interest described above, this Court should consider Defendants' decision to deny disability benefits as an important factor during its review in determining Defendants wrongful denial of benefits.

5
## **STANDARD OF REVIEW**

19.    In order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan.

20.    Except as stated in paragraph 21 below, benefit denials governed under ERISA are generally reviewed by the courts under a *de novo* standard of review. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989).

21.    In order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard and not a "de novo" standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan.

22.    Plaintiff contends that the Plan fails to properly give Defendants discretion under the Policy.

23.    Further, when a Defendants violates the Department of Labor regulations, Defendants effectively forfeits its discretionary authority.

24.    When denying a claim for benefits, a plan's failure to comply with the Department of Labor's claims-procedure regulation, 29 C.F.R. § 2560.503–1, will result in that claim being reviewed de novo in federal court, unless the plan has otherwise established procedures in full conformity with the regulation and can show that its failure to comply with the claims-procedure regulation in the processing of a particular claim was inadvertent *and* harmless.  *Halo v. Yale Health Plan, Dir. Of Benefits & Records Yale Univ.*, 819 F. 3d 42 (2nd Cir. 2016).  See also *Fessenden v. Reliance Standard Life Ins.*

6

*Co.*, 927 F.3d 998, 1001-02 (7th Cir. 2019) and *Slane v. Reliance Stand. Life Ins. Co.*,

CV 20-3250, 2021 WL 1401761 (E.D. La. Apr. 14, 2021).

25.     Defendants committed the following violations demonstrating its failure

furnish a full and provide review:

| | |
|---|---|
| i. | Inadequate notice of reasons for denial. 29 C.F.R. § 2560.503-1(g)(1)(i); |
| ii. | Inadequate notice of the information needed to perfect Plaintiff's appeal. 29 C.F.R. § 2560.503-1(g)(1)(iii); |
| iii. | Failure to follow Defendant's own claims procedures 29 C.F.R. § 2560.503-1(b); |
| iv. | Failure to adopt guidelines to ensure that similarly situated claims are administered correctly and consistently. 29 C.F.R. § 2560.503-1(b)(5); |
| v. | Failure to administrative Plaintiff's claim consistently 29 C.F.R. § 2560.503-1(b)(5); |
| vi. | Failure to provide requested relevant documents timely. 29 C.F.R. § 2560.503-1(h)(2)(iii); |
| vii. | Failure to describe the guidelines and protocols relied upon. 29 C.F.R. § 2560.503-1(g)(1)(v) and 29 C.F.R. § 2560.503-1(j)(5); |
| viii. | Failure to obtain the review of appropriate medical professional. 29 C.F.R. § 2560.503-1(h)(3)(iii); |
| ix. | Failure to obtain an appeal review of a different non-subordinate medical professional. 29 C.F.R. § 2560.503-1(h)(3)(v); |
| x. | Failure to obtain an appeal review that does not defer to the prior determination. 29 C.F.R. § 2560.503-1(h)(3)(iii); |
| xi. | Failure to obtain an appeal review that is conducted by a different non-subordinate individual. 29 C.F.R. § 2560.503-1(h)(3)(iii); |
| xii. | Failure to give a claimant an opportunity to review and refute the report of a reviewing physician obtained during the appeal review. 29 C.F.R. § 2560.503-1(h)(4); |
| xiii. | Failure to take into account all comments, documents, records, and other information submitted to the claimant or by the claimant relating to the claim. 29 C.F.R. § 2560.503-1(h)(2)(iv). |

26.     Defendants' violations of the regulations were not inadvertent or harmless.

27.     Plaintiff contends that because Defendants failed to furnish a full and fair

review, Defendants have relinquished its discretionary authority under the Plan.

28.     Further, Defendants have a fiduciary obligation to administer the Plan fairly

7

and to furnish disability benefits according to the terms of the Plan.

29.    In Texas, for disability insurance policies, certificates or riders offered, issued, renewed or delivered on or after February 1, 2011 said "discretionary clauses" are prohibited under 1701.062(a) Texas Insurance Code.

30.    Further, for disability insurance policies issued prior to February 1, 2011 that do not contain a renewal date, said discretionary clause prohibition applies after June 1, 2011 upon any rate increase or any change, modification or amendments on or after June 1, 2011.

31.    Plaintiff contends that the Plan fails to give the Defendants said discretion as said discretionary language is prohibited under 1701.062(a) Texas Insurance Code.

32.    Pursuant to *Ariana M. v. Humana Health Plan of Texas*, 884 F.3d. 246, 249 (5th Cir. 2018), (overruling *Pierre v. Conn. Gen. Life Ins. Co.*, F2d. 1562 (5th Cir. 1991), the 5th Circuit has recently held that absent a valid grant of discretion, both the "interpretation of plan language" and "factual determinations" are to be reviewed by the court under a de novo standard.  Therefore, pursuant to *Ariana*, the court should review this matter de novo.

33.    ERISA does not preempt state bans on discretionary clauses because of the "savings clause."  ERISA preempts "any and all State laws insofar as they … relate to any employee benefit plan."  The "savings clause," however, preserves "any law … which regulates insurance…".  To fall within the savings clause, a state law must: Be "specifically directed toward entities engaged in insurance" and "substantially affect the risk pooling arrangement between the insurer and the insured."  *Kentucky Association of*

8

*Health Plans, Inc. v. Miller*, 538 U.S. 329, 342 (2003).

34.     Defendants' discretionary ban is therefore not preempted by ERISA and the Standard of Review for the Court in reviewing this action is de novo.

## <u>ADMINISTRATIVE APPEAL</u>

35.     Plaintiff is a 41-year-old woman previously employed by Lenovo (United States), Inc. as a Sr. Commercial Sales Program Manager."

36.     Sr. Commercial Sales Program Manager is classified under the Dictionary of Occupational Titles as having a light exertional level.  This occupation also has an SVP of 7 and is skilled work.

37.     This occupation was very demanding in that it required Plaintiff to plan and direct activities concerned with  leads sales teams, develops strategies, manages key accounts, and drives revenue for business-to-business (B2B) sales, focusing on large contracts and complex sales cycles, requiring leadership, CRM skills, and a proven sales track record, often earning higher salaries than non-senior roles due to greater responsibility and impact on company growth.

38.     Due to Plaintiff's disabling conditions, Plaintiff ceased actively working on May 15, 2023.

39.     Plaintiff alleges that she became disabled on May 15, 2023.

40.     Plaintiff filed for short term disability benefits with Defendants.

41.     Short term disability benefits were denied.

42.     The Plan defines "Disability" or "Disabled" as follows:

"Definition of Disability/Disabled
The Employee is considered Disabled if, solely because of a covered injury or

9

Sickness, he or she is:

    1. unable to perform all managerial duties of his or her Regular Occupation, and

    2. unable to earn 80% or more of his or her Covered Earnings from working in his or her Regular Occupation.

    The Plan will require proof of earnings and continue Disability:"

43.    The Plan provides for monthly benefits of $ 15,675.00 per month.

44.    On November 26, 2024, Defendants denied Plaintiff's short term disability benefits.

45.    Defendants' denial letter said Plaintiff was not totally disabled from performing her own occupation and allowed Plaintiff 180 days to appeal this decision.

46.    Defendants' denial letter failed to consider Plaintiff's restrictions, limitations, and inability to perform necessary vocational requirements of her own or any occupation related to her medical conditions.

47.    Defendants' denial letter failed to state what specific information was missing and/or necessary for Plaintiff to perfect her appeal

48.    Plaintiff pursued her administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

49.    Plaintiff timely perfected her administrative appeal pursuant to the Plan by sending letter requesting same to the Defendants.

50.    Plaintiff submitted additional information including medical records to show that she is totally disabled from the performance of both her own and any other occupation as defined by the terms of the Plan.

10

51.    On or about April 28, 2023, Defendants paid consultant, Alex Turchetta, M.D., Psy. D., performed a review of Plaintiff's claim file.

52.    On or about May 15, 2023, Defendants paid consultant, Angelo Domingo, MD., performed a paper review of Plaintiff's claim file,

53.    Defendants peer reviews of Plaintiff's file are unreliable and unreasonable as a basis for denial because:

a.    The reviewers' opinions were infected by conflict and bias;

b.    The reviewers' conclusions lack foundation and are conclusory;

c.    The reviewers failed to consider the degenerative nature of Plaintiff's condition(s) and the lack of significant improvement;

d.    The reviewers lacked appropriate qualifications to comment on Plaintiff's conditions;

e.    The reviewers never examined Plaintiff in-person, which is particularly relevant, given the complexity of Plaintiff's conditions and treatment;

f.    The reviewers failed to consider all relevant information, including Plaintiff's relevant own occupational demands;

g.    The reviewers failed to acknowledge that medications neither effectively resolved her pain nor were appropriate for long-term treatment of Plaintiff;

h.    The reviewers based their opinions on summary reports of other underqualified opinions; and

i.    The reviewers' conclusions were inconsistent with the weight of the evidence.

54.   Defendants consultants completed their reports without examining Plaintiff.

55.   Defendants notified Plaintiff that Defendants upheld its original decision to deny Plaintiff's claim for short-term disability benefits.

56.   Defendants also notified Plaintiff that Plaintiff had exhausted her administrative remedies.

57.   Defendants, in their final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on her ability to engage in work activities.

58.   The Plan gave Defendants the right to have Plaintiff submit to a physical examination at the appeal level.

59.   A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

60.   More information promotes accurate claims assessment.

61.   Despite having the right to a physical examination, Defendants did not ask Plaintiff to submit to one.

62.   Plaintiff has now exhausted her administrative remedies, and her claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

### MEDICAL FACTS

63.   Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

64.   Plaintiff suffers from anxiety, memory issues, tremors and long covid.

12

65.     Treating physicians document continued symptoms.

66.     Plaintiff's treating physicians have opined that Plaintiff is unable to work.

67.     Plaintiff's treating physicians disagree with Defendants hired peer reviewers.

68.     Plaintiff's multiple disorders have resulted in restrictions in activity, have severely limited Plaintiff, and have significantly curtailed her ability to engage in any form of exertional activity.

69.     Physicians have prescribed Plaintiff with multiple medications in an effort to address her multiple symptoms.

70.     However, Plaintiff continues to suffer from breakthrough discomfort and limitations in functioning, as documented throughout the administrative record.

71.     Plaintiff's documented pain is so severe that it impairs her ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full-time basis, for an 8-hour day, day after day, week after week, month after month.

72.     Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

73.     The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

74.     As such, Plaintiff has been and remains disabled per the terms of the Plan and has sought disability benefits pursuant to said Plan.

75.     However, after exhausting her administrative remedies, Defendants persists in denying Plaintiff her rightfully owed disability benefits.

13
## DEFENDANTS CONFLICT OF INTEREST

76.     At all relevant times, Defendants have been operating under an inherent and structural conflict of interest as Defendants are liable for benefit payments due to Plaintiff and each payment depletes Defendants' assets.

77.     Defendants' determination was influenced by its conflict of interest.

78.     Defendants reviewing experts are not impartial.

79.     Upon information and belief, Defendants peer reviewers have conducted reviews in connection with numerous other individuals insured by Defendant.

80.     Defendants know, or have reason to know, that its in-house medical consultants and the medical consultants hired and/or retained to complete file reviews serve only insurance companies and never individual claimants.

81.     Upon information and belief, Defendants pay substantial sums of money to its medical consultants, whether in-house or independent contractors, to conduct reviews for claimants under Defendants Plan(s).

82.     Upon information and belief, Defendants reviewing experts receive financial incentive to proffer opinions aiding in Defendant's denial of claims.

83.     Defendants have failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

## COUNT I:

## WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

84.     Plaintiff incorporates those allegations contained in paragraphs 1 through 83 as though set forth at length herein.

14

85.    Defendants have wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

a.    Plaintiff is totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience would reasonably allow;

b.    Defendants failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

c.    Defendants' interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious; and

d.    Defendants has violated its contractual obligation to furnish disability benefits to Plaintiff.

## COUNT II:  ATTORNEY FEES AND COSTS

86.    Plaintiff repeats and realleges the allegations of paragraphs 1 through 85 above.

87.    By reason of the Defendants failure to pay Plaintiff benefits as due under the terms of the Plan, Plaintiff has been forced to retain attorneys to recover such benefits, for which Plaintiff has and will continue to incur attorney's fees.  Plaintiff is entitled to recover reasonable attorney's fees and costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

WHEREFORE, **Plaintiff demands judgment for the following:**

15

A.      Grant Plaintiff declaratory relief, finding that she is entitled to all past due short-term disability benefits yet unpaid;

B.      Order Defendants to pay past due short-term disability benefits retroactive to May 15, 2023 through the present in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan, plus pre-judgment interest;

C.      Order Defendants to pay for the costs of this action and Plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g); and

D.      For such other relief as may be deemed just and proper by the Court.


Dated:  Houston, Texas
        April 15, 2026


Respectfully submitted,

MARC WHITEHEAD & ASSOCIATES,
ATTORNEYS AT LAW L.L.P.


By:     /s/ Erin Svetlik
        Erin Svetlik
        Tex. Bar No. 24115426
        Fed. I.D. No. 3882226
        erin@marcwhitehead.com
        403 Heights Boulevard
        Houston, Texas 77007
        Telephone: 713-228-8888
        Facsimile: 713-225-0940
        ATTORNEY-IN-CHARGE
        FOR PLAINTIFF